UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60902-BLOOM

JESUS V.E. WILLIAMS,

    Plaintiff,

v.

TAMYRA EDWARDS,

    Defendant.
    _____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff Jesus V.E. Williams' Complaint pursuant to 42 U.S.C. § 1983, ("Complaint"), ECF No. [1]. Because the Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs ("Application"), ECF No. [3], the Court screened the Complaint under 28 U.S.C. § 1915(e). For reasons set forth below, the Complaint is dismissed without prejudice and all other pending motions are denied as moot.

### I. FACTUAL ALLEGATIONS

Plaintiff alleges that Defendant Tamyra Edwards was his landlord. ECF No. [1] at 2. She was also employed by the Hollywood Police Department, the agency that arrested Plaintiff. *See id.* Plaintiff states that Defendant breeched the lease agreement resulting in the eviction of his disabled mother and nephew. *See id.* Plaintiff further states that Defendant "didn't give any money back towards the deposit" totaling $5,900.00. *Id.* Plaintiff notes "pain [and] suffering," and he also notes that he suffers from a mental disorder "POSD," depression, and anxiety. *Id.*

### II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), as partially codified in 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous

claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (11th Cir. Sept. 4, 2019) ("[A]n action is frivolous if it is without arguable merit either in law or fact." (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002))).

Under § 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same under section 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6). *See Pullen*, WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).

Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face." *Pullen*, 2019 WL 5784952 at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).

Although the Court must liberally construe *pro se* pleadings, "*pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citation omitted). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, No. 08-23172-CIV, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (citation omitted).

A federal court also has "the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). Because federal courts are courts of limited subject-matter jurisdiction, they must "zealously insure [their] jurisdiction." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). In other words, "they have the power to decide only certain types of cases." *Id.* (citation omitted). It is the plaintiff's burden to establish jurisdiction. *See Cornelius v. U.S. Bank Nat'l Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011). A plaintiff can meet that burden by showing that the Court has: (1) diversity jurisdiction under 28 U.S.C. § 1332(a); or (2) federal question jurisdiction under 28 U.S.C. § 1331. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016).

### III. DISCUSSION

Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint fails to state a plausible claim. Plaintiff alleges that Defendant was his landlord and breeched the lease agreement. ECF No. [1] at 2. Defendant evicted Plaintiff and his family and did not return any of the deposit totaling $5,900.00. *See id.* Plaintiff also alleges that the Defendant is employed by the Hollywood Police Department, the same agency that arrested him. Plaintiff presumes that Defendant's job may have been "on the line" when her colleagues were "called out to her

property," but does not otherwise articulate how his arrest relates to this cause of action. *Id.*

Plaintiff's allegations do not provide any insight into how his civil rights were violated. The Complaint fails to describe with any clarity (1) the nature of Plaintiff's claims; (2) the specific events from which those claims arose; or (3) the precise ways in which he believes his constitutional rights were violated.

Plaintiff also fails to establish the Court's jurisdiction to hear his Complaint. "Federal question jurisdiction may be based on a civil action alleging a violation of the United States Constitution or a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute." *City of Huntsville v. City of Madison*, 24 F.3d 169, 171-72 (11th Cir. 1994) (citations omitted). Here, Plaintiff has alleged neither a violation of the Constitution nor an infringement of any federal statute.

Plaintiff likewise cannot invoke this Court's diversity jurisdiction (nor does he try to do so). To establish diversity jurisdiction, a plaintiff must show that (1) the amount in controversy exceeds $75,000.00, and (2) the parties are completely diverse. 28 U.S.C. 1332(a); *Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012) (noting that "the citizenship of each plaintiff must be different from that of each defendant"). Plaintiff has not alleged any diversity between the parties, much less complete diversity. *See* ECF No. [1] at 1 (alleging that Plaintiff and Defendant are residents of Florida). Additionally, Plaintiff has not alleged that the amount in controversy exceeds $75,000.00. *See id.* at 2 (alleging amount in controversy is $5,900.00). Plaintiff thus cannot demonstrate this Court's diversity jurisdiction.

The Court will dismiss this case without prejudice, which means that Plaintiff may refile his case if he wishes. But he will not be able to bring this case in federal court, unless he either (i) sues under a federal statute with a private cause of action, or (ii) satisfies the requirements of diversity jurisdiction, as set out in 28 U.S.C. § 1332.

Case No. 21-cv-60902-BLOOM

## IV. CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** that Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 28, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jesus V.E. Williams, *Pro Se*
132001168
Broward County Main Jail
Post Office Box 9356
Fort Lauderdale, FL 33310